# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10740

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2018

Lyle W. Cayce
Clerk

LYNETTE SANDIDGE,

Plaintiff−Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
  Also Known as Fannie Mae,

Defendant−Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:14-CV-884

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lynette Sandidge sued her former employer for age and sex discrimination and defamation. The employer removed from state to federal court,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10740

claiming diversity jurisdiction. The district court found fraudulent joinder and dismissed a non-diverse defendant, then entered summary judgment for the employer. We have reviewed the briefs, the applicable law, and pertinent portions of the record and have heard the arguments of counsel. We affirm, essentially for the reasons given by the district court in its compelling forty-seven-page Memorandum Opinion and Order filed May 31, 2017.

First, there is no defect in the removal. The supplemental notice of remand was filed within thirty days of a deposition transcript that alerted the employer to the fraudulent joinder. Second, nothing in the record ties Sandidge's termination to anything having to do with age or sex. The district court correctly concluded that the employer "satisfied its burden of producing evidence of a legitimate, nondiscriminatory reason for its decision to terminate Sandidge." Third, the claimed defamatory statements are either protected by Texas's qualified privilege or cannot be imputed to the employer because the speaker was not acting within the scope of his duties.

The summary judgment is AFFIRMED.